### In re HICKEY.

(District Court, N. D. Iowa, Cedar Rapids Division. December 19, 1901.)

BANKRUPTCY—PROVABLE CLAIMS—SURRENDER OF PREFERENCE.

Evidence that a bankrupt, before his bankruptcy and while insolvent, transferred book accounts to a creditor, who received the same with the intention of applying the proceeds—First, in payment of his own claim, and then upon the claim of another creditor, a corporation, for which he was agent,—will not justify an order denying the latter the right to prove its claim unless the preference is surrendered by the agent, where it is not shown that it has received, or will receive, anything from the transfer. To prevent the allowance of a creditor's claim, it is incumbent on those opposing it to show that he has in fact received a preference, which, if he is permitted to retain it, will give him an advantage over other creditors.

In Bankruptcy. On exceptions to ruling of referee with respect to claim of Roberts-Wicks Company.

A. L. Pascal, for Roberts-Wicks Co.

Redmond & Stewart and Wright & Wright, for bankrupt.

Deacon & Good and Preston, Grimm & Moffit, for contesting creditors.

SHIRAS, District Judge. From the record certified to this court by the referee, it appears that on the 25th of September, 1901, William P. Hickey was adjudged to be bankrupt on a petition filed on the 21st day of August, 1901; that on the 23d day of April, 1901, the bankrupt, being then insolvent, executed and delivered to William Lee a bill of sale of the book accounts due Hickey & Kane and William P. Hickey; that at that date the bankrupt was indebted to William Lee, and also to Roberts-Wicks Company, the said Lee being a

salesman in Iowa for the latter parties; that on the 1st of November, 1901, the claim of the Roberts-Wicks Company was filed, and thereupon objections thereto were filed by other creditors, on the ground that the company had received a preference, in that the transfer of the book accounts to William Lee was for their benefit. Upon the hearing before the referee it was held that the bill of sale was given to William Lee to secure the debts due him, and that due to the Roberts-Wicks Company, and was in fact a preference, and the order entered was to the effect that unless William Lee, for the Roberts-Wicks Company, within 10 days, should surrender the preference to the trustee, the claim of the company should be disallowed. It is not shown in the findings of fact, nor in the evidence, which has been certified in full, that the Roberts-Wicks Company has ever received a dollar from the proceeds realized from the accounts transferred to William Lee, or that there is any certainty that any sum will be received therefrom. The evidence might justify the finding that it was the purpose of Lee, in taking the transfer of the accounts, to secure the claim of the Roberts-Wicks Company, in addition to his own; but the evidence fails to show that there has been or will be realized from the accounts an amount sufficient to more than pay the claim of Lee. The bill of sale was executed to Lee alone, and the accounts went into his possession, and, in the absence of evidence showing that the company has received any advantage from the transfer, no foundation is laid for requiring them to pay to the trustee any sum as a condition to the allowance of the claim due the company. The provision of the bankrupt act requiring a creditor to account to the trustee for all payments, in money or property, received after the actual insolvency of the bankrupt, as a condition to the allowance of the claim of the creditor, is intended to secure equality among the creditors in the distribution of the assets, and to prevent one creditor from receiving a greater share of the insolvent estate than that coming to the other creditors. This equitable provision of the act must not, however, be so enforced as to create the very inequity it was intended to prevent. Thus in this case, if the Roberts-Wicks Company is required to pay to the trustee a given sum, say $500, as a condition to the allowance of the claim, the company will certainly be put at a disadvantage, unless it be true that the company has received in money or in property, as payment on the claim, an equal amount; and the evidence wholly fails to show that the company has received anything on the claim, or that it will do so in the future. In order to prevent the allowance of the claim filed on behalf of the company, it is incumbent on the parties opposing the same to prove that in fact a preference has been received. The evidence supports the finding of the referee that the transfer of the book accounts to William Lee created a preference, but it fails to show that the Roberts-Wicks Company have been preferred by the transfer. The bill of sale and transfer of the accounts was to William Lee, and the evidence will not sustain a finding further than that Lee intended to give the company the benefit of the security after his own claim was paid, and it is not shown that there has been or will be a surplus realized from the accounts. The trustee can call Lee to ac-

count for the proceeds of the bills receivable transferred to him, and thus the rights of all parties can be protected. Certainly the company cannot be required to account for any sum which it has not received, and the evidence fails to show the payment to it of any amount whatever. The exceptions to the ruling of the referee must therefore be sustained.